UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| BRIAN D. SNYDER, | ) |
| Petitioner, | ) Civil Action No. 0:11-00100-HRW |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| TRACY W. JOHNS, *Warden*, | ) **AND ORDER** |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

For the reasons set forth below, this 28 U.S.C. § 2241 proceeding will be transferred back to the United States District Court for the Eastern District of North Carolina, Western Division, for all further disposition.

## BACKGROUND

On September 7, 2010, Brian D. Snyder filed a *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus in the United States District for the Eastern District of North Carolina, Western Division ("the Eastern District of North Carolina"). *See Snyder v. Johns*, No. 5:10-HC-2199-FL (E.D.N.C.) [D. E. No. 1]. Snyder sought an Order directing the Bureau of Prisons ("BOP") to transfer him to a halfway house. At that time, Snyder was confined in the Federal Correctional Institution-Butner ("FCI-Butner"), a BOP institution located in Butner, North Carolina.

On January 6, 2011, the United States moved to dismiss Snyder's §2241 petition, arguing that because Snyder's request for half-way house placement was premature, his § 2241 petition was not ripe for review [D. E. Nos. 4 and 5]. On January 24, 2011, Snyder filed a response [D. E. No. 7]. No action was taken on the United States' motion to dismiss and Snyder's response.

Six months later, on July 28, 2011, Snyder filed a motion asking the Eastern District of North Carolina to transfer his § 2241 petition to this Court [D. E. No. 8]. Snyder stated that he had been transferred to the Federal Correctional Institution in Ashland, Kentucky, ("FCI-Ashland") and alleged that the Eastern District of North Carolina would not rule in his favor, and that even if it did, the Warden of FCI-Ashland would not abide by any ruling of that court, ". . .because this new institution has their own Unit Managers who would then be overseeing and determining how long Petitioner's consideration for placement in a Residential Re-entry Center (Halfway house), should be" [*Id.*, p. 2].

On September 14, 2011, the Eastern District of North Carolina transferred Snyder's § 2241 entire proceeding, including the United States' pending motion to dismiss to this Court [D. E. No. 9]. The court stated that transferring the proceeding here would "serve the interests of justice," but notably, it neither explained why it lacked jurisdiction over Snyder's § 2241 petition, nor identified what specific

interests of justice would be served by the transfer.

## DISCUSSION

Snyder properly filed his § 2241 in the Eastern District of North Carolina on September 7, 2010, because at that time, he was confined in a BOP institution located in that judicial district. A habeas corpus petition brought under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443(2004); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 499-500 (1973); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir.1997).

This Court respectfully disagrees with decision to transfer Snyder's § 2241 petition here, even though Snyder was subsequently transferred to a BOP institution located in this judicial district and requested his § 2241 petition be transferred here. The Eastern District of North Carolina based its decision to transfer Snyder's § 2241 petition on 28 U.S.C. § 1631, which provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court **and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed**, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631(emphasis added).

3

The Eastern District of North Carolina's reliance on this statute was improper because (1) the "want of jurisdiction," in that district, which § 1631 requires, did not exist and (2) Snyder could not have brought his § 2241 petition in Eastern District of Kentucky on September 7, 2010.

Snyder properly filed his § 2241 in the Eastern District of North Carolina on September 7, 2010, because at that time he was confined in FCI-Butner, which is located in the judicial district of the Eastern District of North Carolina. The Eastern District of North Carolina clearly had jurisdiction over Snyder's § 2241 petition, and was in fact the *only* judicial district in which Snyder could have brought his petition.

Further, Snyder was not incarcerated in this district on September 7, 2010, so he could not have brought his § 2241 petition in this Court. Therefore, transfer of this proceeding here, pursuant to 28 U.S.C. § 1631, was not justified.

Once a petitioner initially files a habeas petition in the district where he is confined, that district court acquires jurisdiction the petitioner's immediate custodian, and that jurisdiction is not destroyed by the petitioner's subsequent transfer to another district and the accompanying change in custody. *Rumsfeld*, 542 U.S at 441, 124 S.Ct. at 2721; *Ex Parte Endo*, 323 U.S. 283, 306 (1944). The Sixth Circuit has stated that jurisdiction over a § 2241 petition is determined at the time the proceeding is filed and that the subsequent transfer of the prisoner will not defeat habeas

jurisdiction. *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002).

On numerous occasions, this Court has followed *White v. Lamanna* when faced with the reverse facts: a federal prisoner, confined in this district, filed a § 2241 petition in this Court, but was subsequently transferred to another BOP institution located outside of this district. Rather than simply transferring those cases to the judicial district where the prisoner-petition had been transferred, the Court retained jurisdiction over those § 2241 petitions despite the prisoner's subsequent transfer elsewhere. *See, e.g., Spearman v. Wilson*, No. 10-CV-237-HRW, [R. 11,p. 1, n.1, July 21, 2011, Mem. Op. & Ord.] (holding that because prisoner had filed his § 2241 petition while he was incarcerated in this district, this Court retained jurisdiction over it despite his subsequent transfer); *Walker v. Hogsten*, No. 10-CV-276–ART, 2011 WL 2149098, at *2, n.2 (E.D. Ky. May 31, 2011) (same); *Roberts v. United States*, No.7:08-CV-046-KKC, 2008 WL 821899, at *3 (E.D. Ky. March 26, 2008) (same); *Graika v. United States*, No. 04-CV-360-KKC, 2005 WL 1048695, at *1 (E.D. Ky. May 04, 2005) (same).[1]

---

[1] Compare these cases with *Dunne v. Zuercher*, No. 10-CV-71-ART (E.D. Ky). On June 1, 2010, William D. Dunne, then confined in this district, filed a § 2241 petition in this Court [*Id.*, R. 2]. After Dunne filed his § 2241 petition, he was transferred to a prison located in another judicial district. On September 10, 2010, Judge Amul R. Thapar transferred Dunne's § 2241 petition to the United States District Court for the Western District of Louisiana, finding that because Dunne was no longer confined here, he no longer had jurisdiction over either the Kentucky warden whom Dunne had originally named as the respondent, nor Dunne's new Warden [*Id.*, R. 12].

On November 30, 2010, the Western District of Louisiana transferred the § 2241 proceeding

Over the past forty years, numerous other courts have held that jurisdiction over a § 2241 petition is determined *at the time the petition is filed*, and that the subsequent transfer of the prisoner will not defeat habeas jurisdiction. *Prevatte v. Gunja*, 167 F. App'x. 39, 42 (10th Cir. 2006); *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005); *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C.Cir. 2004); *Sweat v. White*, 829 F.2d 1121, 1121 (4th Cir. 1987) (table, text in Westlaw); *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir .1978); *Ross v. Mebane*, F.2d 1199, 1202 (7th Cir. 1976); *United States ex rel. Meadows v. State of N.Y.*, 426 F.2d 1176, 1182 (2d Cir. 1970); *Hanna v. Pettiford*, 5:06cv110-DCB, 2008 WL 227238, at *1 (S.D. Miss. January 24, 2008) ("... merely because Hanna has now been transferred outside this district and into the custody of another warden does not deprive the Court of jurisdiction. Rather, this Court 'retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.' "); *Chaney v. O'Brien*, No. 7:07CV00121, 2007 WL 1189641, at *1 (W.D. Va. April 23, 2007) (finding that

---

*back* to this Court, finding that: (1) jurisdiction over a § 2241 proceeding is determined at the time the petition is filed; (2) the subsequent transfer of a petitioner outside of the jurisdiction would not defeat personal jurisdiction; and (3) Dunne could not have filed his § 2241 in Louisiana because he had not been confined in a Louisiana federal prison when he filed his § 2241 petition. *See Dunne v. Sherrod*, No. 1:10-cv-0416 (W.D. La) [R. 19]; transferred and re- filed in this Court on November 30, 2011, as *Dunne v. Zuercher*, 10-CV-155-ART (E.D. Ky.).

jurisdiction over the § 2241 petitioner was determined that the time action was filed, not based on the petitioner's subsequent transfer to Illinois during the pendency of his § 2241 petition); *United States ex rel. Snyder v. State of Illinois*, 442 F.Supp. 75, 76 n. 2 (N.D. Ill. 1977) (same).

## CONCLUSION

Snyder properly filed the instant § 2241 petition in Eastern District of North Carolina on September 7, 2010, when he was incarcerated in that district. That court retains jurisdiction over Snyder's § 2241 petition, notwithstanding his subsequent transfer to FCI-Ashland. Because the September 14, 2011, transfer of Snyder's § 2241 petition to this district under 28 U.S.C. § 1631 was not warranted, this Court will transfer this entire proceeding, including the pending motion to dismiss [D. E. No. 4] back to the Eastern District of North Carolina for all further disposition.

Accordingly, **IT IS ORDERED** that this 28 U.S.C. Section § 2241 proceeding, 0:11-CV-000100-HRW, including the pending motion to dismiss [D. E. No. 4] is **TRANSFERRED** to the Eastern District of North Carolina, Western Division, for all further disposition.

This 16th day of September, 2011.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge